## MALARNEY v. UPHOLSTERERS' INTERNATIONAL UNION OF NORTH AMERICA et al.

### No. 6950.

District Court. E. D. Pennsylvania.

May 23, 1947.

---

Rawle & Henderson, by Harrison Kildare, all of Philadelphia, Pa., for plaintiff.

M. H. Goldstein, of Philadelphia, Pa., for defendants.

WELSH, District Judge.

The defendant, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, filed the present motion to dismiss the complaint. The reasons assigned for the dismissal are: 1, As to all defendants, except the Union, the fact that they have not been served with process by delivery of a copy of the summons and complaint, and, 2, as to all defendants the fact that the jurisdictional requisite of diversity of citizenship does not appear on the face of the complaint.

Plaintiff, who is a member of the bar and a resident and citizen of the State of Indiana, brought this action to recover the amount of his counsel fee for professional services rendered in Indiana on behalf of the Upholsterers' International Union of North America. The latter Union is an unincorporated association with an office and place of business located at 1500 North Broad Street, Philadelphia, Pennsylvania.

I. Service of Process; Class Suits.

The following is the only return of service of process made by the United States Marshal:

"I hereby certify and return, that on the 12th day of February, A. D. 1947, I received the within summons and served the same at Philadelphia, Pa., in my district, on February 13, 1947, upon Sal B. Hoffman, personally, at 1500 North Broad Street, Philadelphia, Pa., by handing him a true and attested copy thereof, together with a copy of the complaint, and making contents of the same known to him."

"As to all other defendants mentioned herein-not requested to serve."

"So answers Joseph C. Reing
"By Charles Schoch
"Deputy U. S. Marshal"

■ The defendant argues that the foregoing service of process is a service upon Sal B. Hoffman on behalf of and as agent for a separate and distinct entity, the Upholsterers' International Union of North America, and that service as to all other defendants is lacking. It would appear from the caption of the complaint and from the allegations contained in said complaint that Sal B. Hoffman is a representative of the Union members and that the plaintiff is primarily interested in him in his representative capacity and that said plaintiff intended service upon him in said capacity. In a class suit a plaintiff may join as party defendant one or more members of an unincorporated association in their individual capacity, including members already named as representatives, for the purpose of enforcing any individual liability of such members upon the cause of action sued upon. In the case before us the plaintiff did elect to sue Sal B. Hoffman in his individual capacity as well as in his representative capacity, and it can hardly be argued with any show of reason that the service of process is an insufficient service in this respect.

■ Mention of a class suit has been made in the foregoing paragraph and in as much as the defendant denies that the suit is a class suit it would be well before considering the effect of the service of process in question on class actions to

pause momentarily to define the term. Rule 23, subsection (a) (1), of the Federal Rules of Civil Procedure, provides for class actions where the character of the right sought to be enforced for or against the class is joint or common and the persons constituting the class are so numerous as to make it impracticable to bring them all before the court. The provisions of this Rule seem to refer to the typical case of a suit by or against an unincorporated association and we think the instant case falls within the scope of the provisions contained in the Rule and that it is therefore a class action despite the fact that the allegations contained in the complaint do not specifically mention the conditions requisite for the commencement of a class suit. The conditions requisite for the instituting of a class action as set forth in Rule 23(a) (1) are inherent in the instant case. The action is one brought by an attorney for professional services rendered and against the members of the Upholsterers' International Union of North America. The number of members of said Union is obviously large and the obligation of the members is joint and common. Under the foregoing circumstances to prohibit the plaintiff from bringing a class action on the technical ground that he failed to plead the conditions contained in Rule 23(a) (1) would be contrary to the spirit and purpose of the Federal Rules.

■ Holding as we do that the service of process upon Sal B. Hoffman constitutes a service upon him in his representative as well as his individual capacity and that the present suit is a class suit, it is now our duty to determine the effect of the service in the case of a class suit. "Was the service sufficient as against John Doe as Treasurer, and all persons constituting the General Executive Board of the said Union individually and representing all members of the said Union?" We think it was. The criterion as to the sufficiency of service in a class suit is whether or not the service of process in question constitutes adequate notice to the class sued to come in and defend. Tunstall v. Brotherhood of Locomotive Firemen and Enginemen et al., 4 Cir., 148 F.2d 403. The service was made upon Sal B. Hoffman, the President of the Upholsterers' International Union of North America and it may reasonably be assumed that he notified not only the other defendants named in the complaint but all other members of the class of Union members. Hence, this Court concludes that all the defendants, except the Union as it is evident that the plaintiff did not intend to sue the Union as a separate and distinct entity, have been sufficiently served.

## II. Diversity of Citizenship.

■ If an action is brought against a named unincorporated association as a distinct and separate entity by a plaintiff who is a resident and citizen of a state where any of the members of the said association reside, there is no federal jurisdiction. Rosendale v. Phillips, 2 Cir., 1937, 87 F.2d 454. To the motion to dismiss the complaint the defendant attached an affidavit which states that at least several hundred members of said Union are, and at the time this action was brought were, residents and citizens of the State of Indiana. The defendants argue that federal jurisdiction is lacking because there is no diversity of citizenship between the parties, it appearing from the face of the complaint that the plaintiff is also a resident and citizen of the State of Indiana.

■ The basis for the foregoing argument of the defendant is that the suit is brought against a separate and distinct entity, the unincorporated association, Upholsterers' International Union of North America. But as has already been observed, this Court's conception of the action is that it is primarily a class action brought by a plaintiff against the officers representing the members of the class. In class actions the question of diversity is determined by the citizenship of the members who are sued as representatives and federal jurisdiction will not be defeated even if there are other members of the defendant class who may be of the same citizenship as the plaintiff. Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673; Philadelphia Local 192 of American Federation of Teachers v. American Federation of Teachers, D.C., 44 F.Supp. 345. It is ap-

parent from the application of the foregoing principle to the present case that diversity of citizenship exists. The plaintiff is a resident of the State of Indiana and the defendant representatives named in the complaint, "Sal B. Hoffman, as International President, John Doe, as Treasurer, and all persons constituting the General Executive Board of the said Union," are residents and citizens of the Commonwealth of Pennsylvania.

Accordingly, the motion to dismiss the complaint is denied and an order may be entered in conformity with this opinion.