MURPHY et al. v. HOTEL & RESTAURANT EMPLOYEES & BARTENDERS INTERNATIONAL UNION et al.

Civ. A. No. 8354.

United States District Court
E. D. Michigan, S. D.

July 6, 1951.

Amended and Remanded Jan. 17, 1952.

Edward N. Barnard, Detroit, Mich., for plaintiffs.

Marx, Levi, Thill & Wiseman, Detroit, Mich., and J. W. Brown and Benjamin Gettler, Cincinnati, Ohio, for defendants.

THORNTON, District Judge.

The within action was removed from the Circuit Court for the County of Wayne, Michigan, on petition of the defendants, and the bill of complaint alleges all the plaintiffs to be residents of the City of Detroit and State of Michigan, and identifies the defendant Hotel & Restaurant Employees and Bartenders International Union as an unincorporated voluntary association, a labor union, affiliated with the American Federation of Labor, and the defendant Miguel Garriga as a resident of the City of New York, State of New York, at which place the said International Union has its principal offices, and the defendant Wasson as a resident of the City of Cincinnati, State of Ohio, the said bill seeking injunctive relief against certain alleged unlawful and unfair threats and acts on the part of the said defendants.

The defendants move this Court to dismiss the plaintiffs' complaint for failure to state a cause of action against the defendants, claiming that the face of the petition reveals that the plaintiffs have. not exhausted their remedies as provided for by the constitution of the defendant union.

A question of jurisdiction is suggested by the record; affidavits in support of the injunctive relief prayed for by the plaintiffs have been submitted by Vincent Sment, Bernard Jasper, Harry Chambers, Hallie E. Lloyd, Milton Skafica, Don Guthrie and Less Ball, in which each of the foregoing affiants indentifies himself as residing in the City of Detroit, County of Wayne, and State of Michigan; each affiant further identifies himself as a member of Local Union No. 562 of the Hotel & Restaurant Employees and Bartenders International Union affiliated with the American Federation of Labor; and each affiant further states that he has been a member of the said defendant union for several years, and was a member of the defendant union at the time of the events complained of in the bill of complaint. " * * * the question of lack of federal jurisdiction may be raised at any time, either in the trial or appellate court." Schroeder et al. v. Freeland et al., 8 Cir., 188 F.2d 517, 519. Since it is alleged in the bill of complaint that the defendant Hotel & Restaurant Employees and Bartenders International Union is an unincorporated voluntary association, the citizenship of its members determines the jurisdiction of the federal court. Wise v. Brotherhood of Locomotive Firemen and Enginemen, 8 Cir., 252 F. 961, 965.

Inasmuch as the pleadings disclose the fact that some of the members of the defendant unincorporated voluntary association are of the same citizenship as all of the plaintiffs, there is lacking a proper diversity of citizenship and, therefore, a total lack of jurisdiction in this Court.

Malarney v. Upholsterers' International Union of North America et al., D.C., 7 F.R.D. 403, 405, states in part as follows: "If an action is brought against a named unincorporated association as a distinct and separate entity by a plaintiff who is a resident and citizen of a state where any of the members of the said association reside, there is no federal jurisdiction." See also Philadelphia Local 192 of American Federation of Teachers v. American Federation of Teachers, D.C., 44 F.Supp. 345, 347. See also Levering & Garrigues Co. et al. v. Morrin et al., 2 Cir., 61 F.2d 115, 117; Rosendale et al. v. Phillips et al. 2 Cir., 87 F.2d 454. Although this jurisdictional question is not presented by counsel, it is a matter entitled to primary consideration by the Court. Although defendant does not base its motion for a dismissal of the fourth cause of action on any lack of jurisdiction in this court, nevertheless, the court should, on it own motion, when lack of jurisdiction of the subject-matter appears, order a dismissal of the cause of action." Carroll et al. v. Warner Bros. Pictures, Inc., D.C., 20 F.Supp. 405, 409.

An order may be entered dismissing this cause for lack of jurisdiction

### On Amendment and Remandment.

The bill of complaint in this cause originally filed in the Circuit Court for the County of Wayne, in Chancery, State of Michigan, recites the following prayer: "(b) That the court shall decree that the defendants, and each of them, their agents, privies and successors, be forever enjoined and restrained from taking any action or proceeding, under the constitution of the defendant International Union, or any Local of said Union, based upon any alleged acts or doings, or any acts or doings of plaintiffs, or any of them, in and about or pertaining to the controversy between Local 562 of Hotel & Restaurant Employees and Bartenders International Union and said defendant International Union, or any of its representatives, and with which controversy chancery action 441,283 in the Circuit Court for the County of Wayne, and law action 255,057 in said Court were concerned; and also from conducting any hearing or making any determination at all, or taking any proceedings at all based upon or pursuant to the charges filed with the President of the said International Union, defendant, against the plaintiff, James H. Murphy, by defendant Miguel Garriga under date of March 5, 1949.

In its amended petition for removal of this cause from the State Court to this District Court, the defendants allege in part as follows: "The controversy herein is between citizens of different states."

The motion to dismiss filed by the defendants in this cause was grounded upon the allegation that the plaintiffs had not exhausted the remedies as provided for by the constitution of the defendant union, and the action was dismissed on the Court's own motion because of a lack of proper diversity of citizenship.

A notice of settlement of order of dismissal was filed herein by the defendants in accordance with this Court's memorandum opinion dated July 6, 1951.

The plaintiffs filed objections to the proposed order of dismissal on the ground that it should have included an order of remand to the Circuit Court for the County of Wayne, State of Michigan.

At the hearing on the objections, the defendants moved for a rehearing of their prior motion to dismiss, making the new contention that

"The provisions of the Taft-Hartley Act, and the comparatively new provisions of the Federal Rules of Civil Procedure, have changed the concept of labor unions so that they are virtually treated now in the federal courts as corporations. In view of this changed concept, the defendants believe that there should be a review of the long line of decisions on this particular removal question, giving full effect to this new idea. * * * Reference is now made to the Taft-Hartley Act, and for the purpose of

convenience, we set forth hereinbelow verbatim Section 185, subsections (b), (c) and (d) of Title 29 U.S.C.

" '(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

" '(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

" '(d) The service of summons, subpoena, or other legal process of any court of the United States upon an officer or agent of a labor organization in his capacity as such, shall constitute service upon the labor organization.' "

The defendants do not claim that the dispute in this action involves the violation of any contract or contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in section 185, U.S.C.A., Title 29, and concede that if there is no proper diversity of citizenship the case should be remanded to the state court rather than dismissed, under the amended provisions of the removal statute as found in section 1447(c), Title 28 U.S.C.A. They further concede that there is a long line of decisions which have held that a labor union is a voluntary association, and that its citizenship is determined by the citizenship of its individual members; and further concede that these cases also have uniformly held that the citizenship of the individual members, and not the residence of the principal place of business of the Union, was determinative of citizenship where diversity of citizenship was the ground for federal jurisdiction; but contend that the provisions of the Taft-Hartley Act, and the comparatively new provisions of the Federal Rules of Civil Procedure have changed the concept of labor unions so that they are virtually treated now in the federal courts as corporations, and further state: "In view of this changed concept, the defendants believe that there should be a review of the long line of decisions on this particular removal question, giving full effect to this new idea. * * * We respectfully urge this court to deny the plaintiff's (sic) motion to remand, so that this very vital question in the life of international unions may come to a final decision in the appellate courts."

In support of its theory that the Taft-Hartley Act has inaugurated a change in the jurisdictional ingredients required to be present in litigation involving unincorporated voluntary associations in our federal courts, the defendants have cited, along with other citations, the District Court decision in the case of Schatte et al. v. International Alliance, etc., decided in 1949 by the District Court for the Southern District of California, reported in 84 F.Supp. 669; and in reviewing this case we followed its progress to the decision of the Court of Appeals for the 9th Circuit, wherein it was stated in part as follows: "Section 301 was not enacted merely to provide a new forum for the enforcement of contracts theretofore enforceable solely in the state courts. Had such been its sole purpose the constitutionality of the section as to actions in which diversity of citizenship was lacking might well be questioned. But the wording of the section and its place in the Taft-Hartley Act demonstrates that the section was designed to protect interstate and foreign commerce by creating a new substantive liability, actionable in the fed-

492

eral courts, for the breach of a collective bargaining contract in an industry affecting interstate or foreign commerce." Schatte et al. v. International Alliance, etc., 9 Cir., 182 F.2d 158, 164.

■ The theory of the defendants that the Taft-Hartley Act clothed the federal courts with general jurisdiction in suits by or against labor unions seems to be nullified by an appellate court in the following described language: "Contention is made that judisdiction is vested in the District Court by section 301(b) of the act, 29 U.S.C.A. § 185(b), providing that a labor organization may suc or be sued in the courts of the United States 'as an entity and in behalf of the employees whom it represents'; but the purpose and effect of this provision was manifestly to make clear the capacity of labor organizations to come or be brought into court as parties (Cf. Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 148 F.2d 403), not to enlarge the class of cases of which the District Courts were given jurisdiction. The difference between such a provision and one conferring jurisdiction is well illustrated by comparison of 301(b) of the act with 301 (a), the latter of which confers on the District Courts jurisdiction of suits between employers and labor organizations for violation of contracts. Another provision conferring jurisdiction on the District Courts is section 303(b) of the act, which authorizes them to entertain suits for damages on account of the strikes and boycotts made unlawful by section 303(a). There would, of course, have been no reason for the enactment of either section 301(a) or section 303(b), if the effect of section 301(b) was to vest in the federal courts general jurisdiction of suits by or against labor unions." Amazon Cotton Mill Co. (National Labor Relations Board, Intervener) v. Textile Workers Union of America, 4 Cir., 167 F. 2d 183, 187–188.

■ Since the subject matter of this action pertains to an internal controversy between officers and members of a local union, as plaintiffs, and the International Union and a few of its officers, as defendants, this, obviously, is not a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce and, accordingly, the specific judisdictional provisions of the Taft-Hartley Act may not be invoked to confer jurisdiction in this particular controversy.

■ The contention of the plaintiffs that the new provisions of the Federal Rules of Civil Procedure have changed the jurisdictional requirement in suits by or against labor unions is without merit. "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Rule 82 of the Federal Rules of Civil Procedure, 28 U.S.C. A.

■ The opinion of this Court dated July 6, 1951 is hereby amended to provide for remand of this cause to the Circuit Court for the County of Wayne, State of Michigan, and such remand is hereby ordered.