**LLOYD A. FRY ROOFING COMPANY,
Plaintiff,**

v.

**TEXTILE WORKERS UNION OF AMERICA, AFL–CIO, and Peter F. Umholtz, Franklin Sterner, Earl M. Koch and Herman Otto Albitz in their individual capacities and as representatives of Textile Workers Union of America, AFL–CIO, and all members of Textile Workers Union of America, AFL–CIO, Defendants.**

**Civ. A. No. 20658.**

United States District Court
E. D. Pennsylvania.
June 17, 1957.

Joseph Brandschain, Robt. E. Wachs, Philadelphia, Pa., for plaintiff. Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., of counsel.

M. H. Goldstein, Philadelphia, Pa., Benjamin Wyle, New York City, for defendants. William H. Englander, New York City, of counsel.

KRAFT, District Judge.

By order filed March 26, 1957, D.C., 149 F.Supp. 695, this action was dismissed as to all defendants except Umholtz, Sterner, Koch and Albitz in their individual capacities. The plaintiff has petitioned for reargument, contending that dismissal of the complaint against the same four individuals as class representatives of the Textile Workers Union of America was error.

Jurisdiction is founded solely on diversity of citizenship. Though the citizenship of the four persons here sued as union representatives differs from that of plaintiff, as stated in the opinion accompanying the order of dismissal, these four *lack the capacity* to be sued as class representatives. F.R.Civ.P. 17(b), 28 U.S.C.; Penna.R.C.P. 2230(a) and Note following; Penna.R.C.P. 2153, 2152, 12 P.S.Appendix.

Plaintiff urges that Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 1945, 148 F.2d 403, requires a different conclusion. That case is inapplicable. It involved the enforcement of a substantive right existing under the laws of the United States under an express exception provided in F.R.Civ. P. 17(b) (1). That case did not involve a diversity action for the enforcement of a substantive right existing under the law of a state. As applied to the instant case Rule 17(b) expressly provides that the capacity to be sued shall be determined by the law of the state in which this court is held. Under Pennsylvania law individuals lack the capacity to be sued as class representatives of an unincorporated association. Plaintiff ignores this distinction and regards the Tunstall decision as authority for the proposition that F.R.Civ.P. 23(a) permits class actions generally, irrespective of the lack of capacity of the named representatives to be sued under Rule 17(b). We find no authority, in the Tunstall decision or elsewhere, for such a view.

The other cases cited by the plaintiff, to show that Pennsylvania law, in any event, permits class actions against labor unions, all antedate Pennsylvania Rules of Civil Procedure 2230 and 2153, which changed the existing law relating to suits against unincorporated associations. Malarney v. Upholsterers Int'l Union of North America, D.C.E.D.Pa. 1947, 7 F.R.D. 403 and Philadelphia Local 192 of American Federation of Teachers v. American Federation of Teachers, D.C.E.D.Pa.1942, 44 F.Supp. 345 are not authoritative since the precise question of the effect of Pennsylvania Rules 2230 and 2153 appears to have been neither raised nor considered.

Plaintiff finally asserts that it could cure the alleged defect by the simple device of "instituting a new action against the Union and designating Peter F. Umholtz as trustee ad litem [in conformity with Rule 2153]". Whether this assertion is well-founded we need not now

decide. Suffice it to say that such procedure may not present as ready a solution of the problem of federal jurisdiction as plaintiff now concludes.

### Order

Now, June 17, 1957, plaintiff's petition for reargument is denied.