**In re Henry B. KELSEY, Debtor.**

**Bankruptcy No. 80–00148–HB.**

United States Bankruptcy Court,
S. D. Texas,
Houston Division.

Sept. 9, 1980.

Gary J. Knostman, Trustee Knostman Associates, Fulton Beach, Tex., pro se.

B. Joe Thomson, Thomson & Elkins, Houston, Tex., for debtor.

Memorandum Opinion on Motion
to Convert

EDWARD H. PATTON, Jr., Bankruptcy Judge.

This matter is a motion by the trustee of Henry B. Kelsey, a Chapter 13 debtor engaged in business, to convert the Chapter 13 proceeding to a proceeding under Chapter 7 of the Bankruptcy Code. The trustee has alleged that under § 1307(c) cause exists to convert the proceeding because the debtor has failed to file periodic reports as required by § 1304(c) and because the debtor is ineligible for relief under Chapter 13 as the amount of debt scheduled by the debtor exceeds the limits imposed by § 109(e). In response, the debtor has objected to the standing of the trustee to bring a motion to convert.

Thus, the issues are whether the trustee has standing to move to convert a Chapter 13 proceeding to a liquidation proceeding under Chapter 7 and if so, then whether the Chapter 13 petition in this proceeding should be converted to a Chapter 7.

Section 1307(c) states that on request of a party in interest and after notice and a hearing the court may, for cause, convert a case under Chapter 13 to a case under Chapter 7, or it may dismiss the Chapter 13 case, whichever is in the best interests of creditors and the estate. The debtor has cited the case of *In re Kutner*, 3 B.R. 422 (Bkrtcy.N.D.Tex.1980) which squarely held that a Chapter 13 trustee is not a party in interest and therefore does not have standing to apply for conversion of a Chapter 13 case to a Chapter 7 case. The court in *Kutner* gave the following as reasons for denying standing to the Chapter 13 trustee.

First, the court said that under § 1302(b), which sets out the duties of a Chapter 13 trustee, the trustee is not given the right to appear and be heard at a conversion hearing, but is explicitly given the right to appear and be heard at the confirmation hearing. Since § 1324 gives the right to appear and be heard at the confirmation hearing to a party in interest, the court reasoned that if Congress regarded a Chapter 13 trustee to be a party in interest, then he already had the right to appear at the confirmation hearing under § 1324 and the grant in § 1302(b)(2)(B) of the same right would be a "pointless redundancy".

Second, the court noted that § 1302(b)(3) imposes upon the trustee the affirmative duty to advise and counsel the debtor on non–legal matters, and further noted that this role is inconsistent with the creditor–oriented role of the trustee under the Bankruptcy Act. The court believed that if the Chapter 13 trustee continued to represent the creditors under the Code then the result of § 1302(b)(3) would be to have the debtor seeking advice from his creditors.

Third, the court cited § 1109(b) which states that a party in interest includes the trustee, and noted that Chapter 13 has no equivalent section. The court concluded that if the trustee is already a party in interest in Chapter 13 proceedings then the inclusion of the trustee in § 1109(b) as a party in interest would also be a "pointless

redundancy" and obviously not intended by Congress.

Finally, the court pointed out that under Chapter 11 a trustee's function is to guide the proceedings and prevent obstruction in administration but said that in Chapter 13 proceedings there is no need for a trustee to act as a "roving gun" and therefore there is no need for the trustee to have the authority to move for conversion.

Although § 1324 does provide that a party in interest *may* object to the confirmation of the plan, § 1302(b)(2)(B) *requires* that the Chapter trustee appear and be heard at a confirmation hearing (as opposed to merely permitting the trustee to appear and be heard). This is logical because the trustee has the duty, under § 1302(b)(1) to (1) be accountable for all property received, (2) investigate the financial affairs of the debtor, (3) examine proofs of claims and object to the allowance of improper claims, (4) object to the discharge, if advisable, (5) furnish information concerning the estate and estate administration to parties in interest upon request, and (6) make a final report and final account of estate administration with the court. Additionally, if the Chapter 13 debtor is engaged in business, the trustee must investigate the acts, conduct, assets, liabilities, financial condition of the debtor, the operation of the debtor's business, the desirability of continuing the business, and file a statement of the investigation. Where the Chapter 13 debtor is engaged in business, as in this case, the trustee has the duty to investigate and report on any matter that is relevant to the case. *See* §§ 1302(c); 1106(a)(3). Certainly the fact that the debtor's liabilities exceed the statutory limits is a matter relevant to the case because it is determinative of whether the debtor is eligible for relief under Chapter 13. With these responsibilities imposed upon the Chapter 13 trustee, it is apparent that the trustee is likely to be the only person who would be able to completely report to the court on matters concerning the debtor's affairs. It makes sense then that the trustee is required to attend a confirmation hearing while other parties in interest are not so required, but

have the option to attend. Viewed in this manner, the grant in § 1302(b)(2)(B) is not duplicitous of § 1324.

Section 1302(b)(3) does require the trustee to give non–legal advice and assistance to a Chapter 13 debtor in performance under the plan. However, advising and assisting the debtor is not the only function of a Chapter 13 trustee. Under § 323(a), which is made applicable to Chapter 13 by § 103(a), the trustee is also the representative of the estate. Section 1307(c) provides that the court may convert a Chapter 13 proceeding to a Chapter 7 proceeding or dismiss the Chapter 13 proceeding for cause upon a request by a party in interest when it is in the best interest of the creditors *and the estate.* Since the trustee is the representative of the estate, the reasonable inference is that the trustee should be able to request conversion or dismissal when it is in the best interest of the estate. This is because the trustee, who is charged with investigating the financial affairs of the debtor, is in the best position to know what is in the best interest of the estate.

Section 1109(b) does specify that parties in interest, including the trustee, may appear and be heard on any issue in a Chapter 11 proceeding. However, the inclusion of "trustee" in § 1109(b) is not another "pointless redundancy" that needs to be explained away because § 1109 concerns the role of the Securities and Exchange Commission in Chapter 11 proceedings and is not the source of designation of parties in interest in Chapter 13 proceedings. *See* 5 *Collier on Bankruptcy,* ¶ 1109.01, *et seq.* at 1109–1 (15th ed. 1979).

■ While there is a need for some entity in a Chapter 11 to keep the proceeding moving, or to halt it if liquidation becomes needed and to act to remove any obstructions in administration, the same is true for Chapter 13 proceedings, or at least those involving small businesses. Besides acting as the representative of the estate, the trustee in a Chapter 13 case is also the principal administrator who is to "exercise a broad range of responsibilities . . . ." S.Rep.

No.95–989, 95th Cong., 2nd Sess. (1978) 139, U.S.Code Cong. & Admin.News 1978, pp. 5787. Since he has broad responsibilities, the trustee is the party who can best keep the proceedings moving expeditiously. As principal administrator, the trustee ought to have standing to bring to the court's attention any defects or defaults in the proceeding or plan. For example, since plan payments will ordinarily be made to the Chapter 13 trustee, he will likely be the first to know of any failure by the debtor to make payments under the plan and would be in the best position to bring on the issue for consideration by the court. The court concludes that in the interest of expedient and efficient administration of debtors' estates, a Chapter 13 trustee does have standing to request dismissal or conversion to a Chapter 7 proceeding particularly where the debtor is one engaged in business.

 Furthermore, technical "standing" should not be necessary where the requirements of § 109(e) are not met because § 109(e) would appear to be jurisdictional. Congress has established certain limitations on who can and who cannot be a Chapter 13 debtor; if a debtor's obligations exceed the limits of § 109(e) then that debtor is not entitled to relief under Chapter 13 and it follows that the court does not have the power or the right to confirm the debtor's Chapter 13 plan or to otherwise enable the debtor to obtain relief under Chapter 13. Therefore it further follows that the court is without jurisdiction in a Chapter 13 proceeding where the noncontingent, liquidated debts are greater than $100,000 in unsecured debts and $350,000 in secured debts because the court is without the power or right to grant relief.[1] The court has the power to review its jurisdiction at any time and if jurisdiction is lacking the court is obligated to dismiss a proceeding on its own motion, even if the issue is not raised by the parties. See *Clark v. Paul Gray, Inc.,* 306 U.S. 583, 588, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939); *Smith v. Louisville & Nashville*

*R. Co.,* 112 F.Supp. 388, 390 (S.D.Ala.1953); *Jones v. Farmers Ins. Exchange of Los Angeles, Cal.,* 112 F.Supp. 952, 954 (W.D.Okla. 1953); *Murphy v. Hotel & Restaurant Emp. & Bar. Inter. Union,* 102 F.Supp. 488, 490 (E.D.Mich.1951); *Wong v. Bacon,* 445 F.Supp. 1177, 1182 (N.D.Calif.1977). The next question is whether or not dismissal or conversion is appropriate in these proceedings.

Under § 1307(c) conversion is authorized "for cause". In his request for conversion, the trustee gives two reasons why conversion would be proper. First the trustee points out that the debtor has failed to file reports with the court as required by § 1304(c) and by rule 9 of the local rules of the United States Bankruptcy Court for the Southern District of Texas. The trustee's second reason for the request is that the amount of the debts scheduled by the debtor exceed the amounts allowed under § 109(e) of the Bankruptcy Code.

 At the hearing on the matter, the attorney for the debtor represented that he was told by someone in the clerk of the bankruptcy court's office that no reports were necessary. While reliance upon the clerk's office for interpretations of the Code and the local rules is not a practice that should be encouraged, in this instance the failure to timely file reports is not enough to justify conversion. Soon after the hearing the debtor filed its operating reports with the court for all of the months involved and there does not seem to have been any serious prejudice to the rights of the creditors by the late filing. Therefore, the court will not convert the proceedings on this basis.

The second reason for conversion has more substance. Section 109(e) specifies that an individual with regular income can be a Chapter 13 debtor if, on the date of the filing of the petition, his noncontingent, liquidated, unsecured debts are less than $100,000 and his noncontingent, liquidated secured debts are less than $350,000. If the

---

1. The notion of a dollar amount restriction a court's jurisdiction is, of course, not unique. For example, federal diversity jurisdiction is based upon a requirement that the controversy exceed a sum or value of $10,000. 28 U.S.C. § 1332.

amount of debt exceeds these limits, it should be sufficient cause to convert or dismiss because it would mean that the debtor is not qualified to bring a Chapter 13 petition and there would be no good reason to allow it to continue. To allow it to continue would violate the terms of § 109(e) and would permit the debtor to seek relief to which it otherwise would not be entitled. As noted above, the court would probably lack jurisdiction to confirm a plan where the debtor is not eligible for Chapter 13 relief.

The debtor's schedules reveal the following information. The debtor lists a total of $311,091.50 of unsecured debt. Of this amount, $214,992.28 is scheduled as contingent or disputed and $96,099.22 is scheduled as noncontingent and liquidated. The total secured debt scheduled is $306,238.32. Thus, the problem, if any, is with the amount of the unsecured debt, since the secured debt is within the $350,000 limit set by § 109(e).

The debtor's theory concerning the unsecured debts is that in calculating the amounts under § 109(e) those debts that are contingent and those debts that are unliquidated must be totally disregarded. The debtor argues that since the total of only those unsecured debts that are noncontingent and liquidated are less than $100,000 he is qualified to bring a Chapter 13 proceedings.

At the hearing, the debtor offered the following explanation as to why much of his unsecured debt is listed as contingent. The debtor is the general partner in a number of limited partnerships. The debtor postulates that the creditors of these limited partnerships must first look to the assets of the partnerships for satisfaction before seeking payment from the debtor's individual assets. The debtor thus concludes that his liability is contingent upon the insufficiency of the partnerships' assets to meet the partnerships' liabilities. Therefore, the issue is whether a general partner's obligation on a limited partnership debt is contingent.

In *All Media Properties*, 80–00011–HP (S.D.Tex.1980) this court recently held that a contingent debt is one that will not come into existence except on the occurrence of some future triggering event, such as a default where the debtor is only secondarily liable. In this case, the debtor's obligation would be contingent only if the creditors of the limited partners must look first to the assets of the limited partnerships for payment before seeking payment from the debtor.

Section 10(a) of the Texas Uniform Limited Partnership Act, Tex.Rev.Civ.Stat.Ann. art. 6132a, states that a general partner of a limited partnership shall be subject to all the liabilities of a partner in a partnership without limited partners, i. e. a general partnership. Section 15 of the Texas Uniform Partnership Act, Tex.Rev.Civ.Stat. Ann. art. 6132b provides that "[a]ll partners are liable jointly and severally for all debts and obligations of the partnership . . ." That the debtor, as the general partner, is jointly and severally liable is not a complete answer because it does not determine whether creditors of the partnership must first exhaust partnership assets before they can collect from the debtor.

■ From Texas case law it appears that the creditors need not first go against partnership assets. In *Webb v. Gregory*, 49 Tex.Civ.App. 282, 108 S.W. 478 (1908, no writ) the court, in considering the liability of a partner, said that

[i]f a judgment be obtained against a partnership for a debt owed by it, the judgment creditor is not required to first go upon and exhaust the partnership property before he can levy upon the outside or separate property of a partner. *Id.* at 479.

Likewise, in *Fowler Commission Co. v. Charles Land & Co.*, 248 S.W. 314 (Tex. Comm'n App.1923, jdgmt adopted) the court said

A holder of a claim against a partnership may proceed against any of the partners individually, and it is not necessary to join either of the other partners or the partnership. . . . [c]reditors [have

the right] to select any individual of the firm\ and collect their claims wholly from his individual property. *Id.* at 315.

The court concludes that here the debtor's liability is not contingent merely because he is the general partner in limited partnerships since the creditors of these partnerships would not have to pursue partnership assets before looking to the debtor for payment. Of the $214,992.28 scheduled by the debtor as contingent unsecured debt, only approximately $41,000 is unliquidated or disputed. This leaves over $173,000 in debt scheduled as contingent which is not truly contingent, plus $96,099.22 scheduled by the debtor as noncontingent, liquidated debt. When the $173,000 of the so called "contingent" debt is added to the $96,099.22, the sum greatly exceeds the limit set by § 109(e) and therefore the debtor is not entitled to bring a proceeding under Chapter 13.

At the hearing on the matter, the attorney for the debtor stated that if the court concluded that the trustee had standing and if the debts exceeded the statutory limits, then the debtor would prefer that the proceedings be dismissed. Since the debtor would seem to be eligible for relief under Chapter 7 or Chapter 11 of the Bankruptcy Code, the proceedings will be dismissed unless the debtor moves within 10 days to convert to a proceeding under Chapter 11 or Chapter 7 of the Bankruptcy Code.

An order conforming with this opinion is being entered this date.