**In re Ralph SMITH, d/b/a Smith Artesian Well Co., Debtor.**

**Bankruptcy No. 79–00399.**

United States Bankruptcy Court, D. Rhode Island.

Feb. 11, 1981.

Russell D. Raskin, Providence, R. I., for debtor.

John Boyajian, Boyajian & Coleman, Providence, R. I., trustee.

**DECISION ON DEBTOR'S MOTION TO VACATE ORDER AWARDING FEES**

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

This controversy involves the allowance of attorney's fees in a dismissed Chapter 13 case where a trustee had been authorized by the Court to retain himself to defend an adversary proceeding filed against him. John Boyajian, Esq. is the standing Trustee and the Applicant in this matter. A brief recitation of the facts follows.

On December 6, 1979 an Order of Confirmation was entered requiring the debtor to pay $260 per week. Only the first scheduled payment was made, and the trustee moved to dismiss the plan for the reason that debtor failed to make payments. On February 22, 1980, the motion was granted, with the debtor's consent, and the Order provided that the dismissal was without

prejudice to the right of the trustee to seek reimbursement for costs and expenses incurred in connection with the proceeding.

On March 3, 1980, Mr. Boyajian filed an Application for Allowance in the amount of $665 for defending a suit brought against the Trustee to reclaim property. That action, entitled *Smith Portadrill, Inc. vs. John Boyajian, Trustee*, A.P. 79–14, was initiated during the pendency of the Chapter 13 proceeding, and by an order dated January 14, the court authorized John Boyajian, Esq., the trustee in this case and an attorney duly qualified to practice in Rhode Island, to defend this action.

On March 21, 1980 the Order in question was entered granting Mr. Boyajian's Application, and on March 25, 1980 debtor filed a Motion to Vacate said Order. Although the debtor concedes that Mr. Boyajian performed legal services in behalf of the estate, he questions whether compensation for such services is permissible under 11 U.S.C. § 326(b).

Section 326(b), which deals with limitations on compensation of trustees, does not apply in the instant Chapter 13 case. 11 U.S.C. § 15103(f) [1] makes § 326(b) and certain other sections of the Code inapplicable in districts such as Rhode Island, which are in the U.S. Trustee Pilot Program. Section 326(b) is replaced by a similar section of the Code, § 15326, which modifies § 326(b) to conform with the U.S. Trustee system operating in this pilot area. Section 15326 provides: "In a case under Chapter 13 of this title, the court may not allow compensation for services or reimbursement of expenses of the United States Trustee or of a standing trustee appointed under § 326(b) of Title 28..."

This court agrees with trustee's contention that this limitation of the court's power to award compensation relates only to the services of the trustee *in his capacity as trustee*. The language does not preclude payment of compensation otherwise authorized under the Code, and there is no provision in the Code which prohibits the court from granting compensation to an attorney who is duly appointed to act as attorney for the trustee.

To the contrary, Section 327(d) specifically permits the court to authorize a trustee to act as attorney if such authorization is in the best interest of the estate, and the Legislative history of that section is clear in that the court may authorize the trustee, if qualified, to act as his own counsel. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 328. Consistent therewith, § 328(b) authorizes the court to award compensation for services rendered to the estate by any attorney duly appointed. The Legislative history of Section § 328(b) indicates that the purpose of permitting the trustee to serve as his own counsel is to reduce costs. The House Report further states that the purpose "is not to provide the trustee with a bonus by permitting him to receive two fees for the same service.... Thus, this subsection requires the court to differentiate between the trustee's services as trustee, and his services as trustee's counsel, and to fix compensation accordingly." House Report No. 95–595, 95th Cong. 1st Sess. (1977) 328–329, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6285; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 39 U.S.Code Cong. & Admin.News 1978, pp. 5787, 5825.

■ Without question, the court is authorized to award counsel fees to [an attorney who is also] the standing trustee, for legal service rendered to the trustee, notwithstanding the fact that the trustee and the trustee's counsel are the same person.

The second argument advanced by debtor is that, absent fraud on the part of the debtor, it would contravene the spirit of the laws of bankruptcy were the debtor required to pay fees or expenses once the petition has been dismissed.

As mentioned above, the Order dismissing the Plan preserved the rights of the trustee

---

1. 11 U.S.C. § 15103(f) provides:

   Sections 303(g), 322(b), 324, 326(b), 343, 345(b), 701(a), 703(b), 703(c), 704(b), 727(c), 727(e), 1102(a), 1104, 1105, 1163, 1302(a), 1302(d), and 1326(a) of this title do not apply in a case under this title (sic).

to seek reimbursement for costs and expenses. The dismissal of this Plan was expressly subject to that provision, and was based on the facts, travel, and history of this case, with considerable emphasis placed on the conduct of the debtor during the pendency of the Chapter 13 proceeding.

Section 1307(c)(5) of the Bankruptcy Code permits the court to dismiss a Chapter 13 petition upon material default by the debtor with respect to the terms of a confirmed plan. In light of Mr. Smith's failure to make scheduled payments as required under the Plan, together with his flagrant default with respect to numerous other obligations as debtor, this dismissal was mandatory.

In dismissing a Chapter 13 petition, it is the duty of the court to enter whatever orders are necessary to protect those acting in reliance on the debtor's good faith [2] during the pendency of the case. In other respects, the purpose of dismissal is to restore property rights to their status prior to the commencement of the case. *See* H.R. Rep.No.595, 95th Cong., 1st Sess. 335 (1977).

In this case, the trustee, in accordance with his duties under the Code, represented himself in an action directly concerned with this proceeding, thereby incurring legal expenses. As a result of the legal services so performed, benefits accrued to the debtor and the estate.

Since the dismissal of the Chapter 13 petition was ordered subject to the right of the attorney for the trustee to apply for compensation, based on the facts of this case, the debtor's motion to vacate the Order granting the trustee attorney's fees is denied.

SUBMIT JUDGMENT ON NOTICE.

---

2. In the instant case, the element of the debtor's good faith is in serious question, and this issue has been of major concern to the Court regarding its entry of the Order in question.