**In re Ergie B. KERTENNIS, Debtor.**

**Bankruptcy No. 8000333.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 21, 1981.

Oscar M. David, Providence, R. I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R. I., trustee.

Arthur M. Read, II, Gorham & Gorham, Providence, R. I., for Town of Foster.

Alan Hanson, Providence, R. I., for Small Business Administration.

## ORDER CONVERTING DEBTOR'S CHAPTER 13 PETITION TO A CHAPTER 7 PETITION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Trustee's motion to convert this Chapter 13 case, filed pursuant to 11 U.S.C. §§ 1301, et seq., to a case under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701, et seq., on the ground that there has been a material default by the Debtor with respect to the terms of the plan as confirmed, in that the Debtor has failed to make required payments.

The Debtor, a self-employed individual, filed her Chapter 13 petition on May 6, 1980, listing a secured debt to the Small Business Administration in the amount of $47,500.00, and unsecured debts totalling $11,682.34. The plan filed with the petition provided for monthly payments of $150.00, and after hearing, the Debtor filed an amended plan calling for monthly payments of $450.00. That plan was confirmed on August 27, 1980. From the beginning, the Debtor has never been in compliance.

After the Trustee moved to dismiss the plan for failure to make payments, the Court on October 31, 1980 ordered the Debtor to make the required payments. A few months later, and on the Debtor's representation that she required surgery for a hernia condition, the Court permitted the Debtor to suspend payments for three months (Order of January 16, 1981) with payments to resume on April 1, 1981. The Debtor has undergone no operation, has failed to produce business records as ordered, and continuously fails to make regular payments.

The Debtor is approximately 6 months, or $2,500.00 in arrears. The present motion was filed on July 1, 1981, and a hearing was held on August 11, 1981. During that time the Debtor made no attempt to rectify the situation. The SBA loan is in arrears to the

extent of at least $2,500.00, and no payments are being made on that loan. In addition, at numerous hearings, the Debtor has been blatantly evasive with respect to her income and disbursements, and, in the Court's view, lacks even a modicum of credibility.

Section 1307(c)(5) provides that upon request of a party in interest and after notice and a hearing, a case under Chapter 13 may be converted to Chapter 7 for cause, including a material default by the debtor with respect to the terms of a plan. The travel and record of these proceedings is replete with reasons why conversion should have occurred long ago. Further delay is neither in the best interest of the Debtor nor her creditors.

Accordingly, it is ordered that this proceeding be converted to a case under Chapter 7.