**In re Donald V. JARVIS and Gloria J. Jarvis, Debtors.**

**Bankruptcy No. 81–00062.**

United States Bankruptcy Court, D. Vermont.

Aug. 23, 1982.

Raymond V. Denault, and Thomas Connair, Claremont, N.H., for the Claremont Sav. Bank.

Jerome I. Meyers, Springfield, Vt., for debtors.

### MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Petition of the Claremont Savings Bank for Dismissal of the Chapter 13 Plan came on for hearing, after notice.

This Petition is predicated on § 1307(c)(5) of the Bankruptcy Code which provides that on request of a party in interest and after notice and a hearing, the Court may convert a case under Chapter 13 to Chapter 7 or dismiss the case, whichever is in the best interest of creditors and the estate, for cause, including a material default by the debtor with respect to a term of the confirmed plan. The Plan of the Debtors insofar as it pertains to the secured claim of the Claremont Savings Bank provided that the Debtors would make every effort to sell at the best market price available real estate lots owned by them in the Town of Weathersfield, Vermont, and upon the completion of the sale the net proceeds would be paid over to the Trustee and he would apply them on a prorata share basis in satisfaction of liens on such property. The Bank did in fact have a mortgage on these lots. In addition the Plan provided for current monthly payments directly to secured creditors holding liens on their residence with arrearages to be paid up within 180 days after confirmation of the Plan. The Plan was confirmed on May 1, 1981.

The Bank in its Petition for Dismissal alleged that the Debtors have not made the required monthly installment payments for the mortgages on the real estate lots and, further, have not paid up the arrearages within 180 days after confirmation. Because of this they contend that there has been a material default with respect to the terms of the confirmed Plan.

The Debtors admit that they have failed to make the required monthly payments and have not paid off the arrearages but they justify their failure by reason of the fact that Debtor, Donald V. Jarvis, has been laid off from work three times since the Plan was confirmed. They also affirm that they have made every effort to sell the lots and that they anticipated a sale within two weeks at which time the Bank would receive $15,000.00 in reduction of mortgage indebtedness. Since the date of the hearing the Debtors through their attorney have forwarded to the Attorneys for the Bank a check in the amount of $266.64 as payment of the balance due for the April installment and also a check in the sum of $366.64 in payment of the May installment. This clearly indicates that they are exercising their best efforts to comply with the terms of the confirmed Plan.

Although technically they have been in violation through their default, it would be inequitable to dismiss the Chapter 13 Proceeding when the default was caused by the lack of employment resulting from the layoff of one of the debtors. Under such circumstances the Court does not feel there has been a material default. Collier deals with a material default under a confirmed plan as follows:

"Upon the request of a party in interest and after notice and a hearing, the court may dismiss the chapter 13 case or convert it to chapter 7, if the debtor is guilty of a material default in a term of the confirmed plan. The courts will determine what constitutes a material default, but the mutuality of interests in most chapter 13 cases between the holders of unsecured claims and the debtor seems likely to prompt a common effort to facilitate the curing of defaults, rather than insistence by creditors on dismissal or conversion of the case to chapter 7." 5 Collier, 15th Ed., 1307–6 § 1307.01(v)

If the Court were to construe a failure of the Debtors to make the payments to the bank under the particular circumstances of this case a material default, it would, in effect, override the rehabilitative purpose of Chapter 13. If the Debtors in fact intentionally or negligently failed to comply with the terms of the confirmed Plan the Court would be justified in declaring such conduct a material default and order a conversion to Chapter 7 or a dismissal of the proceeding. See *In Re Llorente* (Bkrtcy.S.D.Fla.1981), 9 B.R. 78, where the Court dismissed a Chapter 13 proceeding after the debtors had defaulted without justification. (Underscoring supplied.) See also *In Re Kertennis* (Bkrtcy.R.I.1981) 13 B.R. 349, where the debtor had never been in compliance with the Plan as confirmed and had been blatantly evasive with respect to her income

and disbursements. In view of this the *Kertennis* Court ruled that the case could be converted to Chapter 7 for cause; i.e., a material default by the Debtor with respect to the terms of the Plan.

The conduct of the debtors in this case is clearly distinguishable from that of those in the *Llorente* and *Kertennis* cases, supra. On the contrary the Court is satisfied that these debtors are using their best effort to consummate the Plan and, therefore, it is in the best interest of the creditors and the estate that they be allowed to continue under the aegis of Chapter 13. Accordingly,

IT IS ORDERED that the Petition of the Claremont Savings Bank filed on June 15, 1982 is hereby DISMISSED.