**In re Thomas A. FAALAND and Yvonne A. Faaland, Debtors.**

**Bankruptcy No. 81–05234.**

United States Bankruptcy Court, D. North Dakota.

Feb. 8, 1984.

Thomas Kuchera, Grand Forks, N.D., for debtors.

Ralph F. Carter, Grand Forks, N.D., for Community Nat. Bank.

John S. Foster, Grand Forks, N.D., for South Forks Shopping Center.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Trustee, on August 25, 1983, filed a Motion seeking dismissal of the Debtors' Confirmed Chapter 13 Plan for the reason that the Debtors have failed to maintain the monthly payments as required by the Plan. This Motion was joined in by Community National Bank and South Forks Shopping Center, Inc., two of the Debtors' creditors.

A hearing was held on September 21, 1983, at which time the Debtors moved to strike the Trustee's Motion alleging him to be without standing to bring such a motion. Both Motions were taken under advisement.

Resolution of the question of the Trustee's standing turns upon the meaning and interpretation of section 1307(c) of the Code which provides, in part, as follows:

"Except as provided in subsection (e) of this section, on request of a *party in interest* and after notice and a hearing, the Court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whenever it is in the best interests of the creditors and the estate, for cause, including—" (emphasis added)

The Debtors, relying upon the case of *Re Kutner,* 3 B.R. 422 (Bkrtcy.N.D.Texas 1980), assert that a chapter 13 trustee is not a representative of creditors but rather is acting as a sort of administrative ombudsman and as such, does not have standing to bring a motion under section 1307(c). As acknowledged by the *Kutner* court, the term "party in interest" does not have a specified meaning under the Code. The trustee in a chapter 13 proceeding has certain very specified and detailed duties to perform. These duties place substantial responsibility upon him for the proper administration of the estate. The trustee must: (a) be accountable for all property received, (b) investigate the debtor's financial affairs, (c) examine proofs of claim and raise objections to those which are improper, (d) object to discharge if advisable, (e) furnish information concerning the estate to parties in interest upon request, and (f) make a final report and final accounting. Section 1302(b)(2)(B). In addition, if the debtor is engaged in business, the trustee has the further obligation to investigate any matter which might be relevant to the case. Section 1302(c). From the duties ascribed to the trustee, it is obvious that in addition to being an administrator he is also acting as a representative of the estate. This Court,

accordingly, adopts the rationale of those cases which have held that a chapter 13 trustee is a representative of the estate and, as such, does have standing as a party in interest under section 1307(c). *See In re Kelsey,* 6 B.R. 114 (Bkrtcy.S.D.Texas 1980); *In re Lorente,* 9 B.R. 78 (Bkrtcy.S.D.Fla. 1981); *In re Elkin,* 5 B.R. 21 (Bkrtcy.S.D. Cal.1980); *In re Smith,* 8 B.R. 699 (Bkrtcy. D.R.I.1981). As noted by the Court in *Kelsey:*

> "Since he has broad responsibilities, the trustee is the party who can best keep the proceedings moving expeditiously. As principal administrator, the trustee ought to have the standing to bring to the Court's attention any defects or defaults in the proceeding or plan. For example, since plan payments will ordinarily be made to the chapter 13 trustee, he will likely be the first to know of any failure by the debtor to make payments under the plan and would be in the best position to bring on the issue for consideration by the Court." 6 B.R. at 177.

The next issue is to determine whether the fact of the Debtors having missed two (2) monthly payments (as of the date of the Trustee's Motion) is sufficient cause for conversion or dismissal. The Plan as modified allows the Debtors, upon ex parte application and for good cause, to alter the amount and timing of payments so long as the modification does not diminish the total amount agreed to be paid to Class 1 and Class 2 claimants. The Debtors have apparently paid to the Trustee the sum of $38,-064.00 of the $71,634.00 total required under the Plan. They allege that the several missed payments occurred due to unseasonable summer weather which affected their income. For these reasons, the Debtors believe that they have performed substantially under the Plan and that with certain minor modifications, the Plan can be completed in full. Parenthetically, the Court notes that it does not have any information regarding the Debtors' adherence to the Plan since September 21, 1983. At that time, it was indicated that the Debtors were behind $3,000.00 in payments. Whether monthly payments have continued to accrue since that time would have an effect upon the Court's decision here, but since the Court does not have this information this Order is premised only upon the fact that the Debtors have missed the payments due for July and August of 1983.

Section 1307(c)(5) of the Code allows a case to be converted or dismissed for cause including a material default by the Debtor with respect to the term of the confirmed plan. Although as of September 21, 1983, the Debtors were in violation of the plan through their default, it would be inequitable to dismiss the Chapter 13 Plan where the default was caused by their diminished employment due to bad weather and where up to that time they had made substantial payments into the Plan. Courts addressing the question of whether a "material" default has occurred indicate that the mutuality of interests in most chapter 13 cases between the claimants and the debtors would prompt a common effort to facilitate the curing of defaults rather than the insistence upon conversion or dismissal. *In re Jarvis,* 24 B.R. 46 (Brktcy.D.Vt.1982). The Court, in considering whether to convert or dismiss a chapter 13 case, has the obligation to look beyond the fact of a default in an effort to determine whether the cause of that default was intentional on the part of the debtors or was caused by factors beyond their control. The Debtors here have offered an explanation for the payment defaults existing as of September 21, 1983, and the Court has no reason to dispute or question that explanation. Accordingly, it is the opinion of the Court that the Debtors, from the information presently available to the Court, were using their best efforts to consummate the Plan as of September 21, 1983, and they should be allowed to continue to do so.

Accordingly, IT IS ORDERED that the Motion of the Trustee be and is hereby in all things dismissed.