**In re Barry Lynn ELKIN and Judy Ann Elkin, Debtors.**

**Bankruptcy No. 79–03276–MZ.**

United States Bankruptcy Court, S. D. California.

March 26, 1980.

Howard Kollitz, Los Angeles, Cal., for debtor.

Harry W. Heid, San Diego, Cal., trustee.

## MEMORANDUM OF OPINION RE CONVERSION OF CASE TO CHAPTER 7

HERBERT KATZ, Bankruptcy Judge.

On November 30, 1979, the above named debtors filed with this court a petition seeking relief under Chapter 13 of the Bankruptcy Code, (11 U.S.C. § 1301 et seq.). No Chapter 13 Statement was required by Rule 13–107 or Plan as required by Rule 13–201 were filed with the petition or within 10 days thereafter. However, on December 11, 1979, upon application by the debtors, this court granted debtors additional time to December 28, 1979, to file such a Statement and Plan.

On January 2, 1980, upon an application filed the same date, the court again granted the debtors an extension to January 4, 1980, to file their Chapter 13 Statement, and to February 8, 1980, to file their Chapter 13 Plan.

The Chapter 13 Statement was finally filed on January 31, 1980, some 27 days after the debtors time for filing that document had expired. No additional time was requested by, nor granted to, the debtors for the purpose of filing that Statement.

On February 8, 1980, instead of filing their plan, the debtors filed an *Application for Order Extending Time to File Chapter 13 Statement and Order Thereon.* A reading of that pleading indicates that what the debtors were really seeking was an order extending their time to file the Plan which, under the last extension granted them, was due on February 8, 1980.

The debtors sent the aforementioned Application to all creditors pursuant to § 102(1) of the Bankruptcy Code, indicating that unless some party in interest requested a hearing on or before February 25, 1980, said creditors would be "deemed to have consented to an extension date of April 8, 1980" by which the debtors would file their plan.

On February 11, 1980, the Standing Chapter 13 Trustee noticed an *Application to Dismiss Case* on the grounds that:

1. Debtors failed to file a Plan or Chapter 13 Statement timely;
2. There has been a unreasonable delay prejudicial to creditors;
3. That this is a business case and debtors have failed to comply with the duties prescribed by § 1304(c)[1]

The Application by the Trustee was served on the debtors and their counsel on February 11, 1980, and notified them that a hearing on said Application would be held March 7, 1980.

On February 25, 1980, the debtors finally filed their proposed Plan, some 17 days after their last extension to file the plan had expired.

On March 6, 1980, the debtors filed their one and only operating statement covering the conduct of their business for a period of two weeks, from December 14 to December 28, 1979.

The hearing on the Trustee's Application to Dismiss commenced on March 7, 1980, and was continued to, and concluded on March 14, 1980.

Also on March 14, 1980, the debtors proposed their *First Amended Plan Under Chapter 13*, which, pursuant to § 1323(b), became the plan.

After listening to argument of counsel, and taking note of all the pleadings on file in this matter, I determined that it was in the best interest of the creditors and the estate to convert this case to a Chapter 7 Proceeding.

■ Pursuant to § 1307(c), unless the debtor is a farmer (which this debtor is not), on request of a party in interest, after notice and hearing, the court may convert a Chapter 13 to a case under Chapter 7 or dismiss whichever is in the best interest of the creditors and the estate, for cause, including seven enumerated reasons.

■ The term "including" as used in § 1307(c) is not limiting pursuant to § 102(3), and hence the seven enumerated reasons are only some of the reasons a court may convert or dismiss. It therefor appears that if there is cause, other than those seven reasons the court has the power enunciated in § 1307(c).

■ Counsel for the debtors argues that since he only received notice of the Trustee's Application to Dismiss, that is what I am limited to. In other words I cannot change that Application into an application to convert.

I disagree. The debtors received notice and a hearing of the fact that the Trustee was proceeding pursuant to § 1307(c) and hence were on notice that the case could be dismissed or converted.

I further believe that Congress intended by § 1307(c) to clothe the court with the discretion to do what it felt was in the best interest of the creditors and the estate after hearing all the evidence and reviewing the matter. I cannot believe that Congress intended to limit the court to not granting the alternative relief available under § 1307(c) if the court concluded that was in the best interest of creditors and the estate.

It is interesting to note that Congress did not include the concept of what is best for the debtor.

I have concluded that the Trustee is correct in his application. The debtors here did not timely file their Plan and Chapter 13 Statement pursuant to Rules 13–107 and 13–201. Those Rules continue to be applicable under the Bankruptcy Code unless they are inconsistent with the provisions thereof. *§ 405(d) Bankruptcy Reform Act*

1. A debtor engaged in business shall perform the duties of the trustee specified in section 704(7) of this title.

§ 704(7) if the business of the debtor is authorized to be operated, file with the court and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the court requires; . . . . .

**24**

*of 1978, Public Law 95–598.* I see nothing inconsistent between those two rules and the provisions of Chapter 13. Neither apparently does Professor King. (See 1979 Collier Pamphlet Edition, Bankruptcy Rules).

Having so concluded, based on the facts here, the debtors did not comply with either of those rules. I believe the failure to so comply was prejudicial to the creditors in this case for the reason that no meeting under § 341 could be called until the Chapter 13 Statement had been filed, which was not done for a period of over 60 days, during which time the creditors were restrained pursuant to § 362 and § 1301 and had no ability to determine what was taking place.

█ In addition, this is a business case in which the debtor operated his business for a period of only two weeks but he failed, until over two months after the cessation of business, to file any sort of report from which the trustee or creditors could ascertain the nature and extent of the conduct of the business. This case, in my opinion requires, in the best interest of the estate and creditors, the services of a Chapter 7 Trustee to investigate the debtors affairs.

For all of the above, plus the fact that the Amended Plan filed on March 14, 1980, is at best illusory I have concluded that this case ought to be a Chapter 7 case.

This Memorandum of Opinion shall serve as the Findings of Fact and Conclusions of Law herein pursuant to FRCP 52.