**In the Matter of Michael A. and Elizabeth A. PRINCE, Debtors.**

**Bankruptcy No. 80–20572.**

United States Bankruptcy Court, W. D. New York.

Aug. 7, 1980.

---

George Reiber, Rochester, N. Y., as trustee.

Kenneth B. Mason, Jr., Rochester, N. Y., for debtors.

Louis A. Ryen, Rochester, N. Y., for ITT Diversified Credit Corp.

William S. Thomas, Rochester, N. Y., for creditor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A Motion has been made by ITT Diversified Credit Corporation to convert the subject debtors' case from a case under Chapter 13 to a case under Chapter 7 on the grounds that the debtors' unsecured debt exceeds $100,000.

The facts appear to be as follows. The debtors have scheduled $101,551.78 of unsecured debt in the papers which they filed with the Court. They have also listed $261,740.82 of secured debt. ITT Diversified Credit Corporation, who is listed as one of the secured creditors, claims that they are not fully secured and that they should be listed as at least partially unsecured.

The debtors operated a business known as Lake Stutson Marine which is also filed with this Court as a Chapter 7. The debtors had guaranteed the debts of Lake Stutson Marine to various creditors. Lake Stutson Marine lists $177,000 of secured claims. The goods acting as security on personalty have been sold for a net of $7,000 leaving $170,000 of possible unsecured claims in the Lake Stutson Marine matter. There are also $70,000 of unsecured claims listed in Lake Stutson Marine. The only additional piece of property which Lake Stutson owns is a piece of real property which is valued at a maximum of approximately $47,000. Lake Stutson Marine has a tax liability of some $29,000. If the maximum amount claimed by the debtors is recovered on the real property and the tax liability is taken care of, this will leave approximately $18,000 to be applied to the $240,000 in claims which still exist in Lake Stutson Marine and which have been guaranteed by the Princes.

The debtors claim or maintain in their papers that $84,613.78 of the $101,551.78 scheduled in the Prince papers as an unsecured debt is contingent upon the outcome of the Chapter 7, Lake Stutson Marine case, and that therefore the Princes qualify under § 109(e) since that section's limits are with regard to noncontingent claims only. They say that the Court may not look behind what is alleged in the schedules and must wait until the Lake Stutson Marine case is closed before a determination may be made as to the amount of unsecured claims in the present Chapter 13 case.

Section 109(e) of the Bankruptcy Code reads as follows:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

The mere fact that a debtor in his schedules categorizes his debts as being contingent does not bar the Court from making inquiry as to the true state of affairs. The argument by debtors' counsel that the determination of contingency must await the conclusion of the Lake Stutson Marine case is not valid. From the facts presented and indeed from the hearing held in this matter, it is clear that if the so-called secured creditors actually are unsecured and if they elected to file as unsecured creditors in the Princes's case, the debtors would not be eligible for Chapter 13. It is plain that the contingency which the debtors list is imaginary. It does no good to wait and see what will happen in Lake Stutson Marine because in that case there are $240,000 of claims guaranteed by the Princes. The claims of $170,000 are labeled as secured. The maximum recovery on the remaining property will be $47,000 if we take the debtors' figures. In addition, there is a priority tax liability of $29,000 in the case. This leaves $18,000 to be applied to the $240,000 in claims. There will remain, even if optimum results are obtained, $222,000 in unsecured claims which the debtors are obliged to pay

434

in their Chapter 13 case. The argument that the claims are contingent, is pure persiflage.

Therefore, under § 1307 of the Code, the case should be converted to a Chapter 7 because this is in the best interest of the creditors. Sufficient cause is shown in that the debtors filed a Chapter 13 which contains unsecured, noncontingent debts in excess of $100,000 and it is so ordered.