**In re Homer G. WALTERS and Evolene Walters, Debtors.**

**Bankruptcy No. 80–30201.**

United States Bankruptcy Court,
S. D. West Virginia.

March 17, 1981.

Norman E. Rood and R. R. Fredeking, II, Huntington, W. Va., for debtors, Homer G. and Evolene Walters.

Thomas B. Bennett, Charles M. Love, III, Charleston, W. Va., and James B. Collier, Ironton, Ohio, for BancOhio National Bank.

## MEMORANDUM OF OPINION ON MOTION TO CONVERT

EDWIN F. FLOWERS, Bankruptcy Judge.

BancOhio seeks the conversion of this chapter 13 case to a liquidation case under chapter 7 of the Bankruptcy Code. The Bank contends that the Debtors, Homer G. and Evolene Walters, are not eligible for chapter 13 relief inasmuch as their debts exceed the limits imposed by 11 U.S.C. § 109(e). The Debtors insist that most of their debts are unliquidated and contingent in nature and must be excluded in determining chapter 13 eligibility.

The Bankruptcy Code restricts eligibility for chapter 13 relief to those individuals having regular income and limited debts.

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title. [11 U.S.C. § 109(e).]

The Debtors' amended chapter 13 Statement reflects secured debts in the amount of $761,793.66 and unsecured debts in the amount of $3,490,233.72. The Debtors assert that, of these amounts, the following debts remain contingent until their co-debtors fail to pay or liquidate the obligations:

| Co-Debtor | Secured | Unsecured |
|---|---|---|
| Tri-State Kenworth, Inc. | $ 500,000.00 | $ 104,400.00 |
| Walters Rental Equipment, Inc. | 131,869.00 | 3,036,833.72 |
| Huntington Metal Salvage, Inc. | | 349,000.00 |
| Total | $ 631,869.00 | $ 3,490,233.72 |

By the Debtors' calculation, their liquidated, noncontingent secured debts total no more than $129,924.66, while all of their unsecured debt is unliquidated and contingent, amounts safely within the limits set for chapter 13 eligibility.

To resolve the issue of the Debtors' eligibility for chapter 13 relief, we need examine only the debts declared by the Debtors to be contingent, co-obligations with Walters Rental Equipment, Inc. If these debts are, in fact, noncontingent, the Debtors are ineligible for relief regardless of the characterization of the remaining debts. Walters Rental Equipment, Inc. [WRE] filed a voluntary chapter 7 petition in this Court on November 24, 1980. Homer G. Walters, one of the Debtors in the instant case, executed WRE's petition and schedules as its president. Petitioner's Exhibit 17. Those schedules record assets of $1,625,752.17, of which $1,583,679.97 serves as collateral for secured debts. WRE's liabilities total $2,799,379.75. Construing these facts most favorably to the Debtors, even if all of the reported WRE assets of $1,625,752.17 could be liquidated and applied, without reduction for secured and priority claims and administration expenses, to the Walters' indebtedness for WRE debts ($3,036,833.72), the Debtors remain obligated for a deficiency of $1,411,081.55. It is apparent that this amount is not contingent since the contingency of WRE paying them is rendered moot by this exercise. See In re Prince, 6 B.C.D. 783, 5 B.R. 432 (W.D.N.Y. 1980). This sum exceeds the maximum of $450,000.00 in secured and unsecured debts which a chapter 13 debtor may owe. In addition, the debts which comprise the deficiency are not reported as unliquidated either on the WRE chapter 7 schedules or on

the chapter 13 schedules in this case. The debts are therefore deemed to be liquidated for the purpose of determining chapter 13 eligibility.

Inasmuch as the Debtors are obligated, at the very least, for $1,411,081.55 in liquidated and noncontingent debts, they are not eligible for relief under chapter 13 of the Bankruptcy Code.

 The remaining issue is whether to dismiss or convert this case to a liquidation under chapter 7. BancOhio's motion was directed only toward conversion; however, a precise reading of the Code section governing conversion requires the court to determine whether the best interests of the estate and its creditors dictate conversion or dismissal. *See In re Elkin,* 6 B.C.D. 92, 5 B.R. 21 (Bkrtcy.S.D.Calif.1980). The conversion section states that:

> Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan;
>
> (5) material default by the debtor with respect to a term of a confirmed plan;

> (6) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; and
>
> (7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan. [11 U.S.C. § 1307(c).]

These causes are not the only grounds upon which the Court may act.[1]

 The Debtor, Homer G. Walters, is employed as the manager of Huntington Metal Salvage, Inc., at a salary of less than $40,000.00 per year. Chapter 13 Statement, ¶ 2(e) and (f). Walters testified that Huntington Metal is deeply in debt and has been operating at a deficit for more than a year. The certainty of this income, then, is tenuous at best. Moreover, Walters has no professional qualifications and is further handicapped in his employment potential by a seventh-grade education and by involvement in three other bankruptcies.[2] Evolene Walters has had no employment outside the home for many years. The amount of the Walters' indebtedness compared to their current and potential future earnings dictate a resolution of their financial troubles through conversion of their case rather than a dismissal of it. They have demonstrated little capacity to satisfy their creditors outside of the bankruptcy proceedings.

An order will be entered converting this case to a liquidation case under chapter 7 of the Bankruptcy Code.

---

1. The grounds enumerated in subsections (c)(1) through (7) are not exhaustive. The use of the term "including" does not limit consideration of other causes for conversion or dismissal. *See* 11 U.S.C. § 102(3); 5 *Collier on Bankruptcy* ¶ 1307.01[4] at 1307–5 (15th ed. 1980).

2. In addition to the instant chapter 13 case, the Debtors filed a voluntary chapter I–VII proceeding in the Western District of Virginia in 1961; a voluntary chapter 7 petition in the Southern District of Ohio for Tri-State Kenworth, Inc., on November 10, 1980; and a voluntary chapter 7 petition in this District for Walters Rental Equipment, Inc., on November 24, 1980.