**In re Billy Howard FLAHERTY, Debtor.**

**The DeKALB BANK, an Illinois corporation, Plaintiff,**

v.

**Billy Howard FLAHERTY, Defendant.**

**Bankruptcy Nos. 80 B 8053, 80 A 1717.**

United States Bankruptcy Court,
N. D. Illinois,
Eastern Division.

March 18, 1981.

John Ruddy, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., for debtor.

Theresa Banas, Tyler, Peskind, Solomon & Hughes, P.A., Aurora, Ill., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

The sole issue raised by the DeKalb Bank's motion to dismiss the debtor's Chapter 13 petition is whether the debtor is an eligible Chapter 13 debtor. The court being fully advised in the premises, hereby makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Debtor filed his Chapter 13 petition on June 27, 1980. Said petition showed his residence as having a fair market value of $73,000. The parties stipulate that the value is $76,000. First Savings and Loan of Sycamore holds the first mortgage on the residence. The mortgage balance is $32,500. The DeKalb Bank was listed as a secured creditor and filed a claim for $177,710. Debtor objected to the proof of claim and sought to reduce the claim by $9,855. Giving the debtor the benefit of the doubt, the court will assume the Bank's claim is for $167,855.

Debtor was an officer of various corporations. The Bank loaned money to the corporations and to the debtor personally. The debtor signed absolute unconditional, unlimited guarantees of the corporate indebtedness. The loans provided that upon default the remaining indebtedness would become immediately due and payable. All the notes were in default. The guarantees provided that the guarantor guarantees full payment at maturity of the corporate indebtedness. Subsequently, the debtor assigned 100% of his beneficial interest in a certain trust to the Bank. The trust holds title to the debtor's residence.

## ISSUE

Did the amount of debtor's unsecured debt at the time he filed his petition render him ineligible for Chapter 13 relief?

## DISCUSSION

11 U.S.C. § 109(e) provides that:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 . . . may be a debtor under Chapter 13 of this title.

The Bank contends the debtor had greater than $100,000 of noncontingent, liquidated, unsecured debts when his petition was filed. The debtor contends the Bank's unsecured claim was contingent because:

The Bank had not yet sued Bill Flaherty individually on the note nor had they taken any legal action against Bill Flaherty on the guaranty.

(Brief in Behalf of the Debtor). For the following reasons, the court holds that the debtor had greater than $100,000 in noncontingent, liquidated, unsecured debt when the petition was filed. The debtor is therefore ineligible for Chapter 13 relief.

The DeKalb Bank's claim is secured by the debtor's residence. After the first mortgage is paid, $43,500 is left as security for the Bank's claim. At best, the Bank's claim is secured up to $43,500. The balance of the claim, $124,355, is unsecured. See 11 U.S.C. § 506. The debtor obviously had more than $100,000 of unsecured debt when his petition was filed.

The court holds that the Bank's claim was "noncontingent" when the petition was filed. Under Illinois law:

A contingent claim is one where liability hinges upon some future event, which may or may not occur: it is dependent upon some condition as yet unperformed.

*Zimek v. Illinois National Casualty Co.*, 370 Ill. 572, 19 N.E.2d 620 (1939). In the instant case all the underlying notes are in default and by their terms they became immediately due and payable. The debtor's liability under such notes has matured and is not contingent upon the happening of any future condition. The guarantees themselves and Illinois law establish that the guarantor, debtor herein, is liable for the underlying notes upon default. The mere fact that the Bank has not yet sued the debtor does not mean the debtor's liability is contingent. The debtor was liable on the notes when they became in default.

A contract guaranteeing the payment of a note is an absolute contract, . . . if the debt is not paid at maturity, the guarantor may be sued at once. Guarantors must be regarded as original promisors . . . and their liability was not to depend on the prosecution of suit against the maker.

*Weger v. Robinson Nash Motor Co.*, 340 Ill. 81, 172 N.E. 7 (1930). The Bank's claim was clearly noncontingent when the petition was filed.

The court also holds that the Bank's claim was "liquidated" when the petition was filed. A claim is "liquidated" when:

The amount due may be ascertained by computation or reference to the contract out of which the claim arises.

*Zimek, supra,* 370 Ill. at 577, 19 N.E.2d 620. In the instant case the amount due under notes and guarantees can be, and has been, ascertained by computation. The Bank's claim was "liquidated" when the petition was filed.

In a recent case, *In re Kelsey,* 6 B.R. 114, 6 B.C.D. 927 (Bkrtcy., S.D.Texas 1980), the debtor listed some $311,000 in unsecured debt and claimed that $214,000 was contingent. The alleged contingency arose because the debtor was the general partner of various limited partnerships. The court held that the debts were noncontingent because under Texas law the creditors would not have to pursue the partnership assets before looking to the debtor for payment. A case similar to the instant case is *In re Prince,* 5 B.R. 432, 6 B.C.D. 783 (Bkrtcy., W.D.N.Y.1980). In *Prince, id,* the debtor listed $101,000 of unsecured debt and claimed that $84,000 of that debt was contingent. The debtor had guaranteed the debts of a corporation which had filed a Chapter 7 petition. The court held that the debts were not contingent upon the outcome of the Chapter 7 because the debtor had guaranteed the Chapter 7 claims.

The court concludes that as of the date of filing, the debtor herein had noncontingent, liquidated unsecured debts greater than $100,000.

THEREFORE, THE COURT HEREBY ORDERS that the DeKalb Bank's motion to dismiss the Chapter 13 petition of debtor herein be and hereby is granted.