**In re Frank N. HEYER III, Debtor.**

**Bankruptcy No. 80–01873.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Aug. 4, 1981.

James F. Pascal, Glenn R. Moore, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for debtor.

William C. Parkinson, Jr., Richmond, Va., Trustee in Bankruptcy.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon a hearing on confirmation of the Chapter 13 plan filed by the Debtor. At that hearing, William C. Parkinson, Jr., standing Chapter 13 Trustee, recommended that the plan not be confirmed for the reason that the Debtor was ineligible for relief under Chapter 13 in that his unsecured, noncontingent, liquidated debts exceeded $100,000. *See*, 11 U.S.C. § 109(e). The Trustee further objected to the confirmation of the plan in that the proposed payment of 10% of the unsecured debt is so insignificant as to be meaningless and not in good faith. *See*, 11 U.S.C. § 1325(a)(3). The Court took the matter under advisement requesting submission of briefs in argument. For the reasons stated hereinafter, it is the Court's determination that confirmation should be denied.

To place this case in proper perspective, a brief review of the proceedings in the case follows. On November 24, 1980, the Debtor filed his bankruptcy petition under Chapter 13 of Title 11. On December 4, 1980, upon motion of the Debtor, the Debtor was granted until December 15, 1980 to file his Chapter 13 statement and plan. That plan proposed to pay $450 per month to the Trustee for 36 months with the provision that the monthly payment would be reduced to an amount necessary to pay the proposed percentage of 9% to unsecured creditors after payment in full to the priority creditor [1]. The plan stated that the total unsecured, noncontingent, liquidated debt of the Debtor dealt with in the plan amounted to $97,659.42.

---

1. In this case, the priority creditor is the Internal Revenue Service, which is owed approximately $8,000 on account of the Debtor's liability for the failure to withhold federal taxes due by Dewitt Refrigeration Company, of which he is a responsible officer.

On February 20, 1981, the Debtor filed a modified plan which indicated approximately $109,457 of unsecured debt to be handled within the plan. The Debtor proposed to pay the sum of $375 per month into the plan for 36 months but provided that said monthly amount would be reduced from $375 to $155 upon payment in full of the priority creditor. The plan called for a 5% payout of the allowed, unsecured claims. On motion of the Debtor, the Court continued the hearing on confirmation scheduled for February 25, 1981, to March 11, 1981.

On March 31, 1981, the Debtor, after an unsuccessful hearing on confirmation, proposed a second modified plan. It provided that the Debtor would pay $425 per month to the Trustee for 36 months with the provision that upon payment in full of the priority creditor, the monthly amount paid into the plan would be reduced from $425 to $250. This plan proposed a 9% payout of the claims of unsecured creditors. The total unsecured claims to be handled within the plan was stated at $105,973.74. A confirmation hearing was held on the second modified plan, and upon failure to receive approval of the plan, the hearing was continued.

A third modified plan was filed on April 30, 1981. This plan stated that the unsecured debt to be dealt with within the plan was $105,973.74 and proposed to pay a 10% dividend on the unsecured debt. The plan provided for a payment of $445 per month to the Trustee for 36 months but also contained the provision that the monthly payment to the Trustee would be reduced to $295 upon payment of the priority creditor. A further confirmation hearing was held on the third modified plan wherein the Trustee recommended a denial of confirmation on the basis that the unsecured debt was greater than the jurisdictional amount of $100,000, and that the 10% payout to unsecured creditors proposed by the plan was not in good faith as required by 11 U.S.C. § 1325(a)(3)[2]. After argument, the hearing

on confirmation was continued generally pending the receipt of briefs in the above-stated issues, which briefs have been received by the Court.

11 U.S.C. § 1325 sets forth the criteria which must be met in order for this Court to confirm a plan. Section 1325(a)(1) provides that the plan must comply with the provisions of this chapter and other applicable provisions of this title. This section incorporates § 109(e) which requires that the noncontingent, liquidated, unsecured debt of the debtor be less than $100,000. Through the filing of four plans and two briefs, the Debtor has made a concerted effort to convince this Court and the Chapter 13 Trustee that his unsecured, noncontingent, liquidated debt does not exceed the $100,000 limit imposed by § 109(e). As indicated above, the four proposed plans indicate unsecured debts dealt with in the plan in the amount of $97,659.42, $109,457, $109,973.74 and $105,973.74, respectively. The Debtor, however, in his brief in argument, contends that the unsecured, noncontingent, liquidated debt of the Debtor amounts to $94,028.62.

The Small Business Administration (S.B.A.), a creditor of the Debtor, has been scheduled and treated as partially secured. The security is founded upon a lien the S.B.A. has on the Debtor's residence, and is further based upon a lien it has on property of Dewitt Refrigeration Company in the amount of $7,550. The Debtor has deducted the equity in the house in the amount of $15,000 and the value of the assets of Dewitt Refrigeration Company in the amount of $7,550 from the unpaid balance of the S.B.A. loan in the amount of $83,500 to arrive at an unsecured portion of the S.B.A. debt of $60,950.

11 U.S.C. § 506 provides that an "allowed claim of a creditor secured by a lien on *property in which the estate has an interest, or that is subject to setoff* under section 553 of this title, is a secured claim to the extent of the value of such

---

**2.** Since this confirmation hearing, the Trustee, in his brief in argument, has withdrawn his objection as to the 10% plan, recommending

that 10% payout of unsecured debts near $100,000 is substantial.

creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, ..." (emphasis added)

The Court does not consider the assets of Dewitt Refrigeration Company to be property in which the estate has an interest or that is subject to setoff. In *In re Harvey*, 3 B.R. 608, 2 C.B.C.2d 1048 (Bkrtcy.M.D.Fla. 1980), the court, in commenting on § 506 of the Code, stated that:

"While the legislative history fails to shed any light on whether or not the phrase 'property in which the estate has an interest' was intended to limit the valuation process to non-exempt property, it indicates that it was intended to deal with properties of the estate which are being administered under the Code and not to deal with properties which were released as exempt or abandoned."

Under this interpretation, it is clear to this Court that a lien on property of an entity other than the Debtor is not "property in which the estate has an interest". Further, this debt is not subject to setoff. *See,* 4 *Collier on Bankruptcy* ¶ 553.02 (15th ed.). Accordingly, the Court finds that it is impermissible for the Debtor to reduce the unsecured portion of the debt to S.B.A. by the value of the assets of Dewitt Refrigeration Company. By increasing the unsecured portion of the S.B.A.'s debt by $7,550, the Debtor's unsecured, noncontingent, liquidated debt exceeds the $100,000 limit imposed by § 109(e), and therefore, makes this Debtor ineligible for relief under Chapter 13 of the Bankruptcy Code.

Alternatively, this Court finds that the plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3). This Court has previously ruled that good faith means that a proposed plan does not abuse the provisions, purpose and spirit of Chapter 13. *See, In re Dant,* 9 B.R. 117, 7 B.C.D. 462 (Bkrtcy.E.D.Va.1981). This Court has further held that good faith requires meaningful and substantial payments to unsecured creditors which may be determined by considering the future income and payment prospects of the debtor, the dollar amount of debts outstanding, the nature and extent of available assets, the proposed percentage of repayment, and the nature of the debts sought to be discharged. *In re Dant, supra.*

In reviewing the four plans proposed by the Debtor, the Court notes that in each case, a different monthly payment has been suggested by the Debtor. Moreover, each plan proposes that the monthly payment to the Trustee be reduced upon the completion of the 100% payment to the one priority creditor. This Court takes a dim view of a plan that provides for a debtor who at the outset is capable of paying a fixed, monthly amount to the Trustee and then after the completion of payment in full of a debt nondischargeable in bankruptcy under any Chapter proceeding, elects to reduce the monthly payment to an amount necessary to pay only a small percentage of the outstanding, unsecured claims the debt for which would be discharged in bankruptcy. For this reason the Court finds that the plan is not proposed in good faith.

It also appears obvious to this Court that the Debtor is engaging in a tactic in which the Debtor is willing to pay only so much to unsecured creditors as is necessary to win approval of the Court, and not so much as he can and is willing to pay. This conduct belies any intention that the Debtor is acting in good faith. After careful consideration of the above-stated factors, the Court finds that there is a lack of good faith on the part of the Debtor. Accordingly, it is

ORDERED that the confirmation of the Debtor's Chapter 13 plan be, and the same hereby is DENIED, and the Debtor is directed to file a motion for conversion to Chapter 7 of Title 11 U.S.C. or for a dismissal of this proceeding pursuant to 11 U.S.C. § 1307(b) within ten days of the date of this Order.