In re Jon Alan CRONKLETON and Susan Diane Cronkleton, Lawrence C. Cronkleton, Coral A. Cronkleton, Debtors.

**Bankruptcy Nos. 2–81–04152, 2–81–04155 and 2–81–04156.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Feb. 23, 1982.

John S. DeLibera, Columbus, Ohio, for Transp. Research Bd. of Ohio.

Levi W. Lile, Bellefontaine, Ohio, for debtors.

Frank Pees, trustee, Worthington, Ohio.

## ORDER ON OBJECTIONS TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of objections to confirmation of the plans proposed in the above Chapter 13 cases. The objection has been interposed by Transportation Research Board of Ohio ("TRBO") and is common to the three Chapter 13 cases pending in this Court, that of Jon and Susan Cronkleton (No. 2–81–04152), Lawrence C. Cronkleton (No. 2–81–04155), and Coral A. Cronkleton (No. 2–81–04156).

The attorney for the debtors characterizes the relationship among these various debtors as "business associates". In fact, these debtors are related by family (Lawrence and Coral Cronkleton are husband and wife and the parents of Jon Cronkleton who is married to Susan Cronkleton) and are engaged in a joint farming operation located in Union and Logan Counties, Ohio. In pursuit of this farming business, various of the debtors have jointly executed in favor of Wapakoneta Production Credit Association demand notes as follows:

1. A demand note dated June 20, 1980, in the amount of $5,469.69 executed by Lawrence Cronkleton and Coral Cronkleton;

2. A demand note dated April 21, 1980, in the amount of $400,000.00 executed by Lawrence Cronkleton and Coral Cronkleton;

3. A demand note dated December 18, 1979, in the amount of $72,000.00 executed by Lawrence Cronkleton, Coral Cronkleton, and Jon and Susan Cronkleton;

4. A demand note dated September 20, 1979, in the amount of $8,435.26 executed by Lawrence Cronkleton, Coral Cronkleton, and Jon and Susan Cronkleton.

■ The obligations of Lawrence and Coral Cronkleton to Wapakoneta Production Credit Association ("WPCA") presently total $570,955.74. The joint obligation of Jon and Susan Cronkleton to WPCA totals $95,392.76. One of the bases for objection to the confirmation of the Chapter 13 plans proposed in these cases is the failure of the debtors to qualify for Chapter 13 relief. That alleged failure is premised upon the following provision of the Bankruptcy Code:

"Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggretate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under Chapter 13 of this title." 11 U.S.C. § 109(e).

Courts have consistently held that the limiting provisions of § 109(e) of the Bankruptcy Code are to be strictly interpreted, and debtors who exceed the debt limitations do not qualify for Chapter 13 relief. *In re Prince,* 5 B.R. 432 (Bkrtcy.W.D.N.Y.1980); *In re Flaherty,* 10 B.R. 118 (Bkrtcy.N.D.Ill. 1981); *In re Walters,* 11 B.R. 567 (Bkrtcy.S. D.W.Va.1981); *In re Dobkin,* 12 B.R. 934 (Bkrtcy.N.D.Ill.1981); *In re Heyer,* 13 B.R. 610 (Bkrtcy.E.D.Va.1981); and *In re Correa,* 15 B.R. 195 (Bkrtcy.D.Md.1981).

■ While the debtors, Lawrence and Coral Cronkleton, have attempted to argue that they are only liable for a pro rata share of the $570,955.74 obligation to WPCA, the notes executed by them clearly establish otherwise. Each debtor is a co-maker on the obligation and appears to owe the entire obligation. The attempted splitting of this obligation between the two debtors in order to qualify under the debt limitation ceiling contained in § 109(e) and under the guise that the remainder of the debt is "contingent" is not permissible. See *In re Prince* and *In re Flaherty, supra.* This Court hereby finds that Lawrence and Coral Cronkleton are ineligible as Chapter 13 debtors.

■ With respect to Jon and Susan Cronkleton, an examination of the debtors' schedules reveals unsecured obligations (other than amounts owed WPCA) totaling more than $72,000.00. Those obligations, when combined with their co-maker liability on approximately $95,000.00 worth of WPCA notes (secured only by property worth, at the debtors' valuation, $8,000.00), leads this Court to conclude that the debtors, Jon and Susan Cronkleton, also have failed to qualify for Chapter 13 relief because their unsecured obligations exceed $100,000.00. Again, any splitting of the WPCA obligation and a designation of "contingent" on that portion of the obligation deemed to be owed by others is inappropriate and not permissible.

Because of this Court's findings, this Court will not pass upon the other grounds asserted by TRBO on its objections to confirmation. Based upon the foregoing, the Court hereby determines that TRBO's objections to confirmation are meritorious and they are hereby granted. Confirmation of the Chapter 13 plans of the debtors, Lawrence C. Cronkleton, Coral A. Cronkleton, and Jon and Susan Cronkleton, is hereby denied because these debtors are ineligible for Chapter 13 relief. The debtors shall have ten (10) days from the date of this Order to take such other action as may be appropriate in these cases.

IT IS SO ORDERED.