**In re Richard C. BORDEN and Joyce M. Borden, Debtors.**

**Bankruptcy No. 4–89–2996.**

United States Bankruptcy Court, D. Minnesota.

Sept. 5, 1989.

Michael T. Kallas, Harvey, Thorfinnson, Scoggin, Lucas & Kallas, P.A., Eden Prairie, Minn., for debtor.

William F. Mohrman, Winthrop & Weinstine, St. Paul, Minn., for TCF Bank Savings.

## MEMORANDUM ORDER GRANTING SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011

NANCY C. DREHER, Bankruptcy Judge.

The above entitled matter came on for hearing before the undersigned on the 3rd day of August, 1989 on a motion brought by TCF Bank Savings ("TCF") to dismiss the case and for sanctions. William G. Mohrman appeared on behalf of TCF; Michael T. Kallas appeared on behalf of the Debtors. Based on the moving and responsive documents, the affidavits filed in support of the motions, and the arguments of counsel, at the conclusion of the hearing I read into the record extensive and detailed findings to support my order, dated August 7, 1989, dismissing this chapter 13 case under Section 109(g) and prohibiting the debtors, for a period of 180 days after the date of the order, from filing a petition for relief. I also deferred ruling on the request for sanctions, so as to allow the parties time for briefing. The briefs have now been filed. This Order solely addresses the issue of the appropriateness of the imposition of sanctions under Bankruptcy Rule 9011.

### FACTS

By way of Promissory Note dated April 9, 1987, debtors became indebted to TCF in the sum of $175,000. The Note was secured by a second mortgage on the debtors' property in Edina, Minnesota. Debtors became seriously in arrears in making payments under the Note. No payments were made after April 30, 1988.

Thus, on December 5, 1988, TCF commenced foreclosure by advertisement proceedings against the debtors' property and scheduled a foreclosure sale for February 16, 1988. At a hearing held in state court on that date, by agreement of counsel for TCF and for debtors, the foreclosure sale was deferred temporarily until March 8, 1989. In order to obtain this deferral, debtors represented that they were attempting to obtain additional financing sufficient to cure $19,000.00 in arrearages owing to TCF.

On March 7, 1989, one day prior to the scheduled foreclosure sale, debtors filed a petition for relief under Chapter 13. The filing of that petition stayed the foreclosure sale. Debtors and their counsel, who has represented them throughout these proceedings, were contemplating such a filing from as early as December, 1988 when the foreclosure proceedings commenced. This was not, as counsel for the debtors urged, an "emergency filing" made at the last minute when debtors finally lost hope in obtaining additional input of capital to cure arrearages. It was a deliberately calculated move on the part of debtors and their counsel to halt the foreclosure proceedings.

Because the filing was partial and incomplete, on March 10, 1989, I issued an order requiring the debtors to complete their partial filing and notified debtors and their counsel that if the filings were not completed by March 22, 1989 "an order dismissing the case shall be entered immediately". By their own admissions, debtors chose not to file the schedules necessary to complete their filing for relief because they knew they were not eligible for relief under Chapter 13. Their unsecured and secured debts exceeded the monetary limitations of 11 U.S.C. § 109(e). Debtors chose, instead, to allow the filing to lapse and the case to be dismissed. When debtors failed to timely comply with the March 10 Order, on March 25, 1989, I entered a further order dismissing the debtors' Chapter 13 case.

On April 13, 1989, TCF recommenced its foreclosure proceeding and scheduled a foreclosure sale for June 27, 1989. However, on June 27, 1989, debtors once again filed a petition for relief in Chapter 13. This second filing for relief came 95 days after the dismissal of the first case and one

hour prior to the foreclosure sale. The filing of this second petition for relief stayed the foreclosure set for June 27.

## DISCUSSION

### A. Rule 9011 Violation

■ Under Bankruptcy Rule 9011, the filing of any pleading, including a petition for relief in bankruptcy (with certain exceptions not relevant here), constitutes a certificate by counsel and by the party that the signatory has read the document; that to the best of the signatory's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal thereof; and that it is not interposed for improper purpose such as to delay, hinder, or increase the cost of litigation. Debtors and their counsel made their first filing for Chapter 13 relief without first making a reasonable inquiry into the facts and the law to determine whether debtors were eligible for relief. That filing was clearly intended to delay the foreclosure proceeding. Counsel's excuse is that he never knew up until March 8, 1989 whether his clients would obtain the $19,-000.00 they needed to cure arrearages and he had difficulty getting information from them. He urges:

> "Psychologically the Bordens did not wish to face the prospect of filing bankruptcy and were forever hopeful and optimistic of raising funds to reinstate the mortgage. Therefore, despite requests, information was not provided by the Bordens and all their energies were consumed in attempting to raise necessary funds. *At the time the foreclosure sale arrived I was still without the needed information. At that point there was a choice of either filing without the information or allowing the sale to proceed.*"

Debtors' brief, at 1 (emphasis added). This statement amounts, on its face, to an admission that counsel made the first filing without making an appropriate inquiry into the facts that would have supported the filing of a petition for relief under chapter 13 and a further admission that the petition was interposed for improper purpose. The failure to have the requisite information was the fault of counsel who had over three months to obtain such information. If counsel had truly had little time to prepare the first filing, this court would be more receptive to his argument and to his statement that he now knows he made a mistake and is sorry for it. But that is not the case. Counsel represented these debtors throughout these proceedings. If, as the record established, a bankruptcy filing was contemplated from December, 1988 on, counsel had plenty of time to prepare and had an obligation to do so before commencing the first case. The filing of the Chapter 13 petition with inadequate information only hours before the first scheduled foreclosure constituted a violation of Rule 9011.

■ Similarly, the second filing constituted a Rule 9011 violation. The second filing for relief under Chapter 13 was made without first making a reasonable inquiry into the law. Section 109(g) of the Bankruptcy Code bars a filing within 180 days of an earlier filing if the prior case was dismissed by the court for willful failure of the debtor to abide by a court order. That is precisely what I did when I dismissed the first case for failure to complete the necessary schedules. Counsel's excuse in this case is that in the interim between the first and the second filing he learned of certain facts that led him to believe that the clients may have gone under the monetary limitations provided by 11 U.S.C. § 109(e). This decision, he admits, was based on "cursory research and informal discussion with another practitioner". Debtors' brief, at 2. Counsel's research was admittedly inadequate. Such a filing, based as it was on an admitted lack of adequate research which would have demonstrated the patent impropriety of the second filing, was also a violation of Rule 9011.

### B. Sanctions

■ The question remains, however, as to the amount of sanctions that should be awarded and against whom.

TCF incurred costs, expenses and attorneys fees, as allowed and computed under M.S.A. § 582.01, of $1,764.28 in connection with each of the foreclosure proceedings. Neither foreclosure went forward because of the two successive filings under chapter 13, the first of which was dismissed for failure to comply with my Order of March 10 and the second of which was dismissed by my order of August 7, 1989.

■ Certainly, TCF is entitled to recover its costs, expenses and attorneys fees in the amount of $3,528.56 incurred in the preparing for two foreclosure sales. Both debtors and their counsel appear to share in the blame for this. The debtors failed to provide their counsel with adequate information upon which to make decisions and they have benefited from additional time in possession of the property for which they have paid nothing; counsel allowed himself to become involved in two filings without adequate information and/or research. Therefore, these costs should be shared with fifty percent being paid by counsel and fifty percent being paid by the clients.

■ TCF seeks, in addition, recompense for the attorneys fees it incurred in making the motion to dismiss the second case. It calculates the fees as follows:

1) Summer clerk research time re Memorandum on Motion to Dismiss

12.20 hours at $65.00 per hour

2) Attorney Mohrman time in research and writing relative to motion to dismiss, including the preparation of Affidavits

18 hours at $100.00 per hour

3) Attorney Mohrman time in reading, researching and preparing to orally respond at hearing, as well as attendance at hearing on motion to dismiss

7.30 hours at $100.00 per hour

Thus, TCF claims an award of $3,323.00 in time its attorneys spent in connection with successfully moving to dismiss the second chapter 13 case.

The amount of additional attorneys fees that are sought in connection with this motion to dismiss are excessive. TCF seeks recompense for approximately *37*

*hours* of work put into the motion to dismiss and argument on the same. This seems like an extraordinary amount of time to devote to such a motion, which was neither legally nor factually complex.

Included in the request is the time of a summer associate. Summer clerkships, however, are typically used by law firms as a marketing tool to attract top talent to the firms that hope to hire them. Usually firms do not expect to make money on them. Rather, clerks are typically placed on projects to allow the firm to introduce them to the work done by the firm and to further the education of the clerk. It is simply unreasonable to charge $65.00 per hour for what likely constitutes two days of research time by a first or second year law student. Much of that effort was almost certainly devoted to educating the clerk on bankruptcy and the ways of the firm. Presumably, much of it was spent polishing a memorandum to be submitted to the lead attorney who would then be making recommendations on hiring. I take notice of the fact that summer clerk's time is often written off in its entirety; I believe this makes sense. At some point, the idea that every moment of time of every individual in a law firm must be charged out at a full and hefty hourly rate should stop and counsel submitting fee applications should consider what was actually produced, how efficiently it was done, and whether value was added in the amount sought.

The proper way to look at this application is to assess what it should have cost if a person skilled in bankruptcy had prepared and argued the motion to dismiss. Presumably, a $100.00 per hour rate sought for junior attorney time reflects the firm's belief that the lawyer who did this motion is skilled and does not need excessive amounts of research. While these judgments are rarely scientific, I believe that such a motion could and should have been completed with a maximum of $1,000.00 in time and effort. Because counsel and debtors seem to share equally in responsibility for the actions which caused TCF to incur these costs, the obli-

gation to pay TCF should be shared equally by both.

ACCORDINGLY, IT IS HEREBY OR-DERED THAT:

1. TCF is awarded the sum of $3,528.56 as recompense for its costs, fees, and expenses incurred in two foreclosure proceedings.

2. TCF is also awarded the sum of $1,000.00 in reasonable attorneys fees incurred in connection with making the motion to dismiss, responding to the defenses thereto, and argument and appearance at the hearing.

3. One-half of this award shall be paid by the debtors and one-half shall be paid by their counsel.

4. The sums reflected in Paragraphs 1 and 2 of this order shall be paid within 30 days of the date of this order.